QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
Steven M. Anderson (Bar No. 144014)
steveanderson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Edward J. DeFranco (Bar No. 165596)
eddefranco@quinnemanuel.com
Joseph Milowic III (NY Bar. No. 4622221)
josephmilowic@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for Plaintiff Marvell International, Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELL INTERNATIONAL, LTD. <br><br> Plaintiff, <br><br> vs. <br><br> NXP SEMICONDUCTORS N.V., NXP B.V., NXP SEMICONDUCTORS NETHERLANDS B.V., NXP SEMICONDUCTORS GERMANY GMBH & NXP SEMICONDUCTORS USA, INC. <br><br> Defendants. | CASE NO. 2:15-CV-00740 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Marvell International, Ltd. ("MIL" or "Plaintiff"), by and through its undersigned counsel, complains and alleges as follows against NXP Semiconductors N.V., NXP B.V., NXP Semiconductors Netherlands B.V., NXP Semiconductors Germany GMBH and NXP Semiconductors USA, Inc. (individually and collectively, "Defendants"):

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2. Defendants have infringed and continue to infringe, contributed to and continue to contribute to the infringement of, and/or actively induced and continue to induce others to infringe MIL's U.S. Patent No. 8,171,309, U.S. Patent No. 7,957,777, U.S. Patent No. 7,454,634, and U.S. Patent No. 6,903,448 (collectively, "the Asserted Patents").  MIL is the legal owner by assignment of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office.  MIL seeks injunctive relief and monetary damages.

## THE PARTIES

3. MIL is a Bermuda corporation which has its principal place of business at Canon's Court, 22 Victoria Street, Hamilton, HM 12, Bermuda.

4. On information and belief, NXP Semiconductors N.V., NXP B.V., and NXP Semiconductors Netherlands B.V. are limited liability companies incorporated under the laws of the Netherlands with their principal place of business at High Tech Campus 60, Eindhoven 5656 AG, the Netherlands.  On information and belief, NXP Semiconductors Germany GMBH is a corporation organized and existing under the laws of Germany with its principal place of business located at Stresemannallee 101, 22529 Hamburg, Germany.  On information and belief, NXP Semiconductors USA, Inc. is a Delaware corporation with its principal place of business at 411 East Plumeria Drive, San Jose, California 95134.

5. On information and belief, NXP Semiconductors Netherlands B.V., NXP Semiconductors Germany GMBH, and NXP Semiconductors USA, Inc. are affiliated operating companies and subsidiaries of NXP B.V., which is in turn a subsidiary of NXP Semiconductors N.V.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendants are subject to this Court's personal jurisdiction. On information and belief, Defendants regularly conduct business in the State of California, including in the Central District of California, and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States. As such, Defendants have purposefully availed themselves of the privilege of conducting business within this District; have established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being haled into court in this District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants regularly conduct business in this District, and certain of the acts complained of herein occurred in this District.

## MIL'S ASSERTED PATENTS

9. On May 1, 2012, the United States Patent Office issued U.S. Patent No. 8,171,309, titled "Secure Memory Controlled Access" (the "'309 patent"). A true and correct copy of the '309 patent is attached hereto as Exhibit A.

10. On June 7, 2011, the United States Patent Office issued U.S. Patent No. 7,957,777, titled "Wake on Wireless LAN Schemes" (the "'777 patent"). A true and

correct copy of the '777 patent is attached hereto as Exhibit B.

11. On November 18, 2008, the United States Patent Office issued U.S. Patent No. 7,454,634, titled "Power Savings Apparatus and Method for Wireless Network Devices" (the "'634 patent"). A true and correct copy of the '634 patent is attached hereto as Exhibit C.

12. On June 7, 2005, the United States Patent Office issued U.S. Patent No. 6,903,448, titled "High Performance Leadframe in Electronic Package" (the "'448 patent"). A true and correct copy of the '448 patent is attached hereto as Exhibit D.

13. MIL is the owner of all right, title, and interest in and to each of the Asserted Patents with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages and/or royalties.

14. The Asserted Patents are valid and enforceable.

## COUNT I

## Infringement of the '309 Patent

15. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

16. On information and belief, in violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '309 patent, including but not limited to claim 8, directly and/or indirectly, by among other things using integrated circuit products including but not limited to the PN65T NFC Controller IC and Embedded Secure Element product and other integrated circuit products that incorporate similar circuitry and/or have similar features or functionality in the United States. Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

17. Defendants have actual knowledge of their infringement of the '309 patent at least as of the filing date of this Complaint.

18. On information and belief, in violation of 35 U.S.C. § 271, Defendants

have actively induced and/or are continuing to actively induce infringement of the '309 patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, supporting, and/or instructing OEMs, distributors and/or other third party entities, to incorporate Defendants' products into devices sold by such entities, by (b) encouraging and/or instructing third party entities how to use such Defendants' products; and/or by (c) designing Defendants' products such that they necessarily infringe when used by third parties. On information and belief, Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that third parties, such as smartphone customers, directly infringe and Defendants intend their products be used by third party entities to infringe the '309 patent.

19. For example, on information and belief, Defendants offer, sell and market (and after the filing of this complaint are continuing to offer, sell and market) their products, including the PN65T NFC Controller IC and Embedded Secure Element product, through its web site and through various channels including U.S. distributors and/or other third parties.

20. On information and belief, the PN65T NFC Controller IC and Embedded Secure Element product (for example) when used (including when used by Defendants) performs all the steps of the methods described in the claims of the '309 patent.

21. Defendants' product literature for the PN65T NFC Controller IC and Embedded Secure Element product (for example), including data sheets, instructs and encourages Defendants' customers and other third parties to use the PN65T NFC Controller IC and Embedded Secure Element product, including in the United States, and thereby perform the methods described in the claims of the '309 patent.

Defendants are therefore aware that their customers and other third parties are infringing the '309 patent by using the PN65T NFC Controller IC and Embedded Secure Element product, as instructed and encouraged by Defendants.

22.   On information and belief, Defendants' actions as alleged herein have contributed and are continuing to contribute to infringement of the '309 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '309 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

23.   For example, as set forth above, on information and belief, Defendants' PN65T NFC Controller IC and Embedded Secure Element product is designed, manufactured, and sold, so as to perform the methods described in the claims of the '309 Patent when used. On information and belief, the PN65T NFC Controller IC and Embedded Secure Element therefore has no substantial non-infringing uses.

24.   Defendants are not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '309 patent.

25.   By reason of Defendants' infringing activities, MIL has suffered, and will continue to suffer, substantial damages.

26.   MIL is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

27.   Defendants' continuing acts of infringement are irreparably harming and causing damage to MIL, for which MIL has no adequate remedy at law, and

will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court. The hardships that an injunction would impose are less than those faced by MIL should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, MIL is entitled to a preliminary and a permanent injunction against further infringement.

28. Defendants' infringement of the '309 patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Defendants' accused actions continue despite an objectively high likelihood that they constitute infringement of the '309 patent. Defendants either know or should have known about their risk of infringing the '309 patent. Defendants' conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities as demonstrated by Defendants' knowledge regarding the claims of the '309 patent.

29. Defendants' infringement of the '309 patent is exceptional and entitles MIL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## Infringement of the '777 Patent

30. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

31. On information and belief, in violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '777 patent, including but not limited to claim 13, directly and/or indirectly, by among other things using integrated circuit products including but not limited to the PN547 NFC Controller IC product and other integrated circuit products that incorporate similar circuitry and/or have similar features or functionality in the United States. Defendants have infringed and are currently infringing literally and/or under the

doctrine of equivalents.

32. Defendants have actual knowledge of their infringement of the '777 patent at least as of the filing date of this Complaint.

33. On information and belief, in violation of 35 U.S.C. § 271, Defendants have actively induced and/or are continuing to actively induce infringement of the '777 patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, supporting, and/or instructing OEMs, distributors and/or other third party entities, to incorporate Defendants' products into devices sold by such entities, by (b) encouraging and/or instructing third party entities how to use such Defendants' products; and/or by (c) designing Defendants' products such that they necessarily infringe when used by third parties. On information and belief, Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that third parties, such as smartphone customers, directly infringe and Defendants intend their products be used by third party entities to infringe the '777 patent.

34. For example, on information and belief, Defendants offer, sell and market (and after the filing of this complaint are continuing to offer, sell and market) their products, including the PN547 NFC Controller IC product, through its web site and through various channels including U.S. distributors and/or other third parties.

35. On information and belief, the PN547 NFC Controller IC product (for example) when used (including when used by Defendants) performs all the steps of the methods described in the claims of the '777 patent.

36. Defendants' product literature for the PN547 NFC Controller IC product (for example), including data sheets, instructs and encourages Defendants'

customers and other third parties to use the PN547, including in the United States, and thereby perform the methods described in the claims of the '777 patent. Defendants are therefore aware that their customers and other third parties are infringing the '777 patent by using the PN547, as instructed and encouraged by Defendants.

37. On information and belief, Defendants' actions as alleged herein have contributed and are continuing to contribute to infringement of the '777 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '777 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. For example, as set forth above, on information and belief, Defendants' PN547 NFC Controller IC product is designed, manufactured, and sold, so as to perform the methods described in the claims of the '777 Patent when used. On information and belief, the PN547 NFC Controller IC product therefore has no substantial non-infringing uses.

39. Defendants are not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '777 patent.

40. By reason of Defendants' infringing activities, MIL has suffered, and will continue to suffer, substantial damages.

41. MIL is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

42. Defendants' continuing acts of infringement are irreparably harming and causing damage to MIL, for which MIL has no adequate remedy at law, and will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court. The hardships that an injunction would impose are less than those faced by MIL should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, MIL is entitled to a preliminary and a permanent injunction against further infringement.

43. Defendants' infringement of the '777 patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Defendants' accused actions continue despite an objectively high likelihood that they constitute infringement of the '777 patent. Defendants either know or should have known about their risk of infringing the '777 patent. Defendants' conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities as demonstrated by Defendants' knowledge regarding the claims of the '777 patent.

44. Defendants' infringement of the '777 patent is exceptional and entitles MIL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III
## Infringement of the '634 Patent

45. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

46. On information and belief, in violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '634 patent, including but not limited to claim 17, directly and/or indirectly, by among other things using integrated circuit products including but not limited to the PN547 NFC Controller IC product, the JN5168 Wireless Microcontroller product, and other

integrated circuit products that incorporate similar circuitry and/or have similar features or functionality in the United States. Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

47. Defendants have actual knowledge of their infringement of the '634 patent at least as of the filing date of this Complaint.

48. On information and belief, in violation of 35 U.S.C. § 271, Defendants have actively induced and/or are continuing to actively induce infringement of the '634 patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, supporting, and/or instructing OEMs, distributors and/or other third party entities, to incorporate Defendants' products into devices sold by such entities, by (b) encouraging and/or instructing third party entities how to use such Defendants' products; and/or by (c) designing Defendants' products such that they necessarily infringe when used by third parties. On information and belief, Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that third parties, such as smartphone customers and set-top box customers, directly infringe and Defendants intend their products be used by third party entities to infringe the '634 patent.

49. For example, on information and belief, Defendants offer, sell and market (and after the filing of this complaint are continuing to offer, sell and market) their products, including the PN547 NFC Controller IC product and the JN5168 Wireless Microcontroller product, through its web site and through various channels including U.S. distributors and/or other third parties.

50. On information and belief, the PN547 NFC Controller IC product and the JN5168 Wireless Microcontroller product (as two examples), respectively,

when used (including when used by Defendants) perform all the steps of the methods described in the claims of the '634 patent.

51. Defendants' product literature for the PN547 NFC Controller IC product and the JN5168 Wireless Microcontroller product (as two examples), including data sheets, instructs and encourages Defendants' customers and other third parties to use the PN547 NFC Controller IC and the JN5168 Wireless Microcontroller product, respectively, including in the United States, and thereby perform the methods described in the claims of the '634 patent. Defendants are therefore aware that their customers and other third parties are infringing the '634 patent by using the PN547 NFC Controller IC and the JN5168 Wireless Microcontroller product, respectively, as instructed and encouraged by Defendants.

52. On information and belief, Defendants' actions as alleged herein have contributed and are continuing to contribute to infringement of the '634 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '634 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

53. For example, as set forth above, on information and belief, Defendants' PN547 NFC Controller IC product and the JN5168 Wireless Microcontroller product, respectively, are designed, manufactured, and sold, so as to perform the methods described in the claims of the '634 Patent when used. On information and belief, the PN547 NFC Controller IC product and the JN5168 Wireless Microcontroller product, respectively, therefore have no substantial non-infringing uses.

54. Defendants are not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '634 patent.

55. By reason of Defendants' infringing activities, MIL has suffered, and will continue to suffer, substantial damages.

56. MIL is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

57. Defendants' continuing acts of infringement are irreparably harming and causing damage to MIL, for which MIL has no adequate remedy at law, and will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court. The hardships that an injunction would impose are less than those faced by MIL should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, MIL is entitled to a preliminary and a permanent injunction against further infringement.

58. Defendants' infringement of the '634 patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Defendants' accused actions continue despite an objectively high likelihood that they constitute infringement of the '634 patent. Defendants either know or should have known about their risk of infringing the '634 patent. Defendants' conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities as demonstrated by Defendants' knowledge regarding the claims of the '634 patent.

59. Defendants' infringement of the '634 patent is exceptional and entitles MIL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

### Infringement of the '448 Patent

-13-   CASE NO. 2:15-CV-00740
COMPLAINT FOR PATENT INFRINGEMENT

60. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

61. On information and belief, in violation of 35 U.S.C. § 271, Defendants have infringed and are currently infringing one or more claims of the '448 patent, including but not limited to claim 1, directly and/or indirectly, by making, using, selling, offering for sale, and/or importing into the United States integrated circuit products including but not limited to the TJA1021 LIN Transceiver product and other integrated circuit products that incorporate similar circuitry and/or have similar features or functionality. Defendants have infringed and are currently infringing literally and/or under the doctrine of equivalents.

62. Defendants have actual knowledge of their infringement of the '448 patent at least as of the filing date of this Complaint.

63. On information and belief, in violation of 35 U.S.C. § 271, Defendants have actively induced and/or are continuing to actively induce infringement of the '448 patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) selling to, supplying to, encouraging, helping design, supporting, and/or instructing OEMs, distributors and/or other third party entities, to incorporate Defendants' products into devices sold by such entities, and by (b) encouraging and/or instructing third party entities how to use such Defendants' products. On information and belief, Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that third parties, such as automobile customers using in-vehicle networking, directly infringe and Defendants intend their products be used by third party entities to infringe the '448 patent.

64. For example, on information and belief, Defendants offer, sell and market (and after the filing of this complaint are continuing to offer, sell and

market) their products, including the TJA1021 LIN Transceiver product through its web site and through various channels including U.S. distributors and/or other third parties.

65. Defendants' product literature for the TJA1021 LIN Transceiver product (for example) including data sheets, instructs and encourages Defendants' customers and other third parties to use the TJA1021 LIN Transceiver product, and thereby infringe the '448 patent. Defendants are therefore aware that their customers and other third parties are infringing the '448 patent by using the TJA1021 LIN Transceiver product, as instructed and encouraged by Defendants.

66. On information and belief, Defendants' actions as alleged herein have contributed and are continuing to contribute to infringement of the '448 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '448 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

67. Defendants are not licensed or otherwise authorized to practice, contributorily practice and/or induce third parties to practice the claims of the '448 patent.

68. By reason of Defendants' infringing activities, MIL has suffered, and will continue to suffer, substantial damages.

69. MIL is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

70. Defendants' continuing acts of infringement are irreparably harming and causing damage to MIL, for which MIL has no adequate remedy at law, and

will continue to suffer such irreparable injury unless Defendants' continuing acts of infringement are enjoined by the Court. The hardships that an injunction would impose are less than those faced by MIL should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, MIL is entitled to a preliminary and a permanent injunction against further infringement.

71.  Defendants' infringement of the '448 patent has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Defendants' accused actions continue despite an objectively high likelihood that they constitute infringement of the '448 patent. Defendants either know or should have known about their risk of infringing the '448 patent. Defendants' conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities as demonstrated by Defendants' knowledge regarding the claims of the '448 patent.

72.  Defendants' infringement of the '448 patent is exceptional and entitles MIL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a)  A judgment that Defendants have infringed each and every one of the Asserted Patents;

(b)  A preliminary and permanent injunction against Defendants, their respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United

1 States, any products, methods, equipment and/or services that infringe the Asserted
2 Patents;

   (c) Damages adequate to compensate MIL for Defendants' infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

   (d) Prejudgment interest;

   (e) Post-judgment interest;

   (f) A judgment holding Defendants' infringement of the Asserted Patents to be willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

   (g) A declaration that this Action is exceptional pursuant to 35 U.S.C. § 285, and an award to MIL of its attorneys' fees, costs and expenses incurred in connection with this Action; and

   (h) Such other relief as the Court deems just and equitable.

DATED: February 2, 2015   Respectfully submitted,

         QUINN EMANUEL URQUHART & SULLIVAN, LLP

         By /s/*Steven M. Anderson*
          Steven M. Anderson
          *Attorney for Plaintiff Marvell International, Ltd.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1 of this Court, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: February 2, 2015          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/*Steven M. Anderson*
    Steven M. Anderson
    *Attorney for Plaintiff Marvell International, Ltd.*